IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CUTBERTO CARRENO CASTANEDA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:13-cv-81-B-BN |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institution Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Petitioner Cutberto Carreno Castaneda has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the motion should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

**Background**

Petitioner was convicted of possession with intent to deliver cocaine and sentenced to 45 years confinement.[1] His conviction and sentence were affirmed on direct appeal. *Castaneda v. State,* No. 05-99-00124-CR, 2000 WL 792391 (Tex. App. – Dallas, June 21, 2000, pet ref'd). Petitioner then filed an application for state post-conviction relief alleging that his attorney failed to protect his right to file a

---

[1] On the same date, Petitioner was also convicted of possession with intent to deliver heroin, for which he was sentenced to a term of 75 years imprisonment. His 28 U.S.C. § 2254 application challenging that conviction is pending before another judge of this Court in *Castaneda v. Thaler,* No. 3:13-cv-80-M-BN.

petition for discretionary review. The Texas Court of Criminal Appeals granted the writ and allowed Petitioner to file an out-of-time appeal. *Ex parte Castaneda,* WR-51,326-01 (Tex. Crim. App. Mar. 6, 2002). Thereafter, Petitioner filed a petition for discretionary review, which was refused. *Castaneda v. State,* No. 601-02 (Tex. Crim. App. Aug. 21, 2002). Petitioner then filed a second application for state post-conviction relief. The application was denied without written order on the findings of the trial court. *Ex parte Castaneda,* WR-51,326-04 (Tex. Crim. App. Nov. 26, 2003). Petitioner then filed an application for federal habeas relief, which was summarily dismissed as time-barred. *See Castaneda v. Dretke*, No. 3:04-cv-432-M, 2004 WL 1468534 (N.D. Tex. June 30, 2004), *rec. adopted*, 2004 WL 1656618 (N.D. Tex. July 22, 2004).

Petitioner now seeks post-conviction relief on grounds that (1) he is actually innocent of the offense; (2) he received ineffective assistance of counsel at trial and on direct appeal; (3) the trial court violated his rights to due process and confrontation by refusing to disclose the identity of a confidential informant; (4) his conviction violated the prohibition against double jeopardy; and (5) his conviction was the result of an unlawful search and seizure. Before the Court may consider this motion, it must determine whether Petitioner can bring a successive Section 2254 action without prior approval from the Court of Appeals.

**Legal standards**

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996,

Pub. L. 104-132, 110 Stat. 1214 (1996). A petition is successive when it raises a claim that was or could have been raised in an earlier petition. *See Hardemon v. Quarterman,* 516 F.3d 272, 275 (5th Cir. 2008). A claim presented in a second or successive application under Section 2254 must be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the Court of Appeals before Petitioner files his application in federal district court. *Id.* § 2244(b)(3).

## Analysis

The Court of Appeals has not issued an order authorizing this Court to consider this successive Section 2254 motion. Petitioner must obtain such an order before another motion for post-conviction relief may be filed. Accordingly, this motion should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002); *see also In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (adopting procedure to be used when a district court transfers to

the Court of Appeals a successive Section 2255 motion from a federal prisoner).

**Recommendation**

Petitioner's application for writ of habeas corpus should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 29, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE