## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| CUTBERTO CARRENO CASTANEDA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:13-cv-81-B-BN |
| | § | |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institution Division, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This closed habeas proceeding under 28 U.S.C. § 2254 was referred to the undersigned United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference. In this closed case, Petitioner Cutberto Carreno Castaneda filed on March 17, 2015 a motion requesting the Court to appoint counsel to "represent [him] on [his] appeal and habeas corpus." Dkt. No. 49. The Court should construe this motion as a successive habeas application and deny it with without prejudice to Petitioner's right to seek leave from the United States Court of Appeals for the Fifth Circuit to file such an application.

### Background

This closed civil case concerns Petitioner's state conviction for possession with intent to deliver cocaine for which he was sentenced to 45 years' confinement.

That conviction and sentence were affirmed on direct appeal. *See Castaneda v. State,* No. 05-99-00124-CR, 2000 WL 792391 (Tex. App. – Dallas June 21, 2000, pet.

ref'd). But Petitioner was allowed to file an out-of-time appeal after the Texas Court of Criminal Appeals granted his application for state post-conviction relief in which he alleged that his attorney failed to protect his right to file a petition for discretionary review ("PDR"). *See Ex parte Castaneda,* WR-51,326-01 (Tex. Crim. App. Mar. 6, 2002). Ultimately, however, Petitioner's PDR was refused, *see Castaneda v. State,* No. 601-02 (Tex. Crim. App. Aug. 21, 2002), and his second application for state post-conviction relief was denied without written order on the findings of the trial court, *see Ex parte Castaneda,* WR-51,326-04 (Tex. Crim. App. Nov. 26, 2003).

Petitioner's first application for federal habeas relief was summarily dismissed as time-barred. *See Castaneda v. Dretke*, No. 3:04-cv-432-M, 2004 WL 1468534 (N.D. Tex. June 30, 2004), *rec. adopted*, 2004 WL 1656618 (N.D. Tex. July 22, 2004).

Petitioner's second such application was transferred to the United States Court of Appeals for the Fifth Circuit, pursuant to 28 U.S.C. § 1631, as successive on February 15, 2013. *See* Dkt. Nos. 10, 13, & 14. And the Fifth Circuit denied Petitioner authorization to file a successive Section 2254 application on May 10, 2013. *See* Dkt. No. 41.

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). A petition is successive when it raises a claim that was or could have been raised in an earlier petition. *See Hardemon v. Quarterman,* 516 F.3d 272, 275 (5th Cir. 2008). A claim presented in a second or

successive application under Section 2254 must be dismissed unless:

(A)    the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)    (I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the Court of Appeals before Petitioner files his application in federal district court. *See id.* § 2244(b)(3). Insofar as the United States Court of Appeals for the Fifth Circuit has not granted leave to file a successive habeas petition, this Court is without jurisdiction to consider such a petition or, similarly, a motion presenting allegations attacking the state conviction already challenged under Section 2254. *See* 28 U.S.C. § 2244(b).

## Analysis

Through his motion requesting appointment of counsel, Petitioner essentially is attempting to again challenge this conviction through a second successive habeas action. But the Court of Appeals has not issued an order authorizing this Court to consider a successive Section 2254 petition. And this lack of authorization "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive [motion to vacate] until [the Fifth Circuit] has granted the [movant] permission to file one." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010).

Thus,

> it is appropriate for the Court to dismiss the [construed] successive [habeas application] without prejudice pending review by a three-judge panel of the Fifth Circuit[, but] it is also appropriate to transfer [it] to the Fifth Circuit for a determination of whether [Petitioner] should be allowed to file the successive [application] in the district court.

*United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003) (citing *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)).

Given Petitioner's litigation history, the part of which pertinent to this action is set out above, he is well aware of the requirement that he first obtain leave from the court of appeals before pursuing another successive federal habeas action. Therefore, "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance." *Id.*

## Recommendation

Petitioner's construed application for writ of habeas corpus should be denied without prejudice to his right to file a motion for leave to file a successive 28 U.S.C. § 2254 application in the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 2244(b)(3).

The Clerk of Court should be directed to open, for statistical purposes, a new civil action (nature of suit 530), assigned to United States District Judge Jane J. Boyle and United States Magistrate Judge David L. Horan; to docket Petitioner's motion for appointment of counsel [Dkt. No. 49] in the new civil case; and to close the new case on the basis of this order.

Petitioner's motion for appointment of counsel [Dkt. No. 49] should be termed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 21, 2015

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE